THE STATE OF OHIO, APPELLEE, *v.* FOX, APPELLANT.

[Cite as *State v. Fox* (1998), 83 Ohio St.3d 514.]

(No. 98–682—Submitted September 15, 1998—Decided November 10, 1998.)

515

_Alan R. Mayberry,_ Wood County Prosecuting Attorney, for appellee.

_David H. Bodiker,_ Ohio Public Defender, and _William S. Lazarow,_ Assistant Public Defender, for appellant.

---

**_Per Curiam._** We affirm the judgment of the court of appeals. "Under App.R. 26(B)(2)(b), an application for reopening requires 'a showing of good cause for untimely filing if the application is filed more than ninety days after journaliza-

tion of the appellate judgment.'" *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053.

The state asserts that current counsel, David H. Bodiker, Ohio Public Defender, and William S. Lazarow, Assistant Public Defender, have represented Fox since at least June 21, 1995, when they filed the petition for postconviction relief in the trial court. Fox has not denied that claim. Thus, even if we were to assume good cause existed before June 21, 1995, because counsel cannot be expected to argue their own ineffectiveness, *State v. Lentz* (1994), 70 Ohio St.3d 527, 529–530, 639 N.E.2d 784, 785, that good cause has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period. See *State v. Hill* (1997), 78 Ohio St.3d 174, 677 N.E.2d 337; *State v. Carter* (1994), 70 Ohio St.3d 642, 640 N.E.2d 811. We specifically reject Fox's claim that "once an applicant has established good cause for filing more than ninety days after journalization * * *, it does not matter when the application is filed."

Accordingly, we agree with the court of appeals that Fox has not established good cause for his late filing of the application for reopening.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., not participating.