[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 201.]

THE STATE OF OHIO, APPELLEE, *v.* DENNIS, APPELLANT.

[Cite as *State v. Dennis*, 1999-Ohio-94.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction as required by App.R. 26(B).*

(No. 99-101—Submitted May 17, 1999—Decided August 11, 1999.)

APPEAL from the Court of Appeals for Summit County, No. 17156.

————————————

{¶ 1} Appellant, Adremy Dennis, was convicted of aggravated murder with death specifications, and of attempted murder, aggravated robbery, and possession of dangerous ordnance. He was sentenced to death. Upon appeal, the court of appeals affirmed the convictions and sentence. *State v. Dennis* (May 8, 1996), Summit App. No. 17156, unreported, 1996 WL 233501. On direct appeal as of right, we also affirmed his convictions and sentence on September 24, 1997. *State v. Dennis* (1997), 79 Ohio St.3d 421, 683 N.E.2d 1096.

{¶ 2} On November 23, 1998, appellant filed an application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel on his direct appeal. Appellant further asserted that his application was untimely because he was represented by the same attorney (of two attorneys) during his appeal to the Ohio Supreme Court and the United States Supreme Court, and counsel cannot be expected to raise as error his own ineffectiveness.

{¶ 3} In denying the application as untimely and without good cause shown, the court of appeals stated that even if it could accept appellant's explanation as

good cause for an untimely filing, such a rationale would not justify an indefinite extension of the filing deadline. *State v. Fox* (1998), 83 Ohio St.3d 514, 516, 700 N.E.2d 1253, 1254. The appellate court rejected appellant's assertion that he was unable, on his own, to recognize that he had a potential *Murnahan* claim, based on our holdings that neither ignorance of the law, *State v. Franklin* (1995), 72 Ohio St.3d 372, 373, 650 N.E.2d 447, 448, nor lack of access to an adequate law library, *State v. Witlicki* (1996), 74 Ohio St.3d 237, 238, 658 N.E.2d 275, 276, was sufficient justification for an untimely filing. The court of appeals also rejected appellant's implicit argument that he has a right to counsel to assist him in filing an App.R. 26(B) application for reopening.

{¶ 4} This appeal followed.

_____

*Michael T. Callahan*, Summit County Prosecuting Attorney, and *Paul Michael Maric*, Assistant Prosecuting Attorney, for appellee.

*Lori Ann McGinnis,* for appellant.

_____

*Per Curiam.*

{¶ 5} We affirm the judgment of the court of appeals denying appellant's application for reopening for the reasons articulated by the court of appeals. Appellant has offered no compelling justification why his application was filed beyond the time required in App.R. 26(B).

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____