THE STATE OF OHIO, APPELLEE, *v.* DAVIS, APPELLANT.

[Cite as *State v. Davis* (1999), 86 Ohio St.3d 212.]

(No. 99–252—Submitted June 22, 1999—Decided August 25, 1999.)

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Daniel G. Eichel,* First Assistant Prosecuting Attorney, for appellee.

*John S. Marshall; David H. Bodiker,* Ohio Public Defender, and *Lori Leon,* Assistant Public Defender, for appellant.

**Per Curiam.** We affirm the judgment of the court of appeals. "Under App.R. 26(B)(2)(b), an application for reopening requires 'a showing of good cause for untimely filing if the application is filed more than ninety days after journaliza-

tion of the appellate judgment.'" *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053.

However, as the court of appeals noted, "[n]either the [S]upreme [C]ourt's decision in *State v. Murnahan,* * * * nor App.R. 26(B) [was] available to allow" the filing of such applications for reopening at the time of the court of appeals decisions on May 27, 1986 and October 29, 1990.

Nonetheless, as we have held earlier, "an applicant who seeks to reopen an appellate judgment journalized before July 1, 1993 may not simply rely on the fact that App.R. 26(B) did not exist within the ninety days following journalization of the appellate judgment, but must show good cause why he or she did not attempt to invoke the procedures available under former App.R. 26 and 14(B)." *State v. Reddick* (1995), 72 Ohio St.3d 88, 90, 647 N.E.2d 784, 786.

In this case, Davis filed his applications to reopen his appeal in August 1998, five years after App.R. 26(B) became effective on July 1, 1993, six years after we decided *Murnahan,* almost eight years after the second court of appeals decision affirming his death sentence, and twelve years after the court of appeals first affirmed his death sentence. Thus, no question exists that the applications were untimely.

We agree with the court of appeals that Davis has failed to establish good cause for failing to file timely applications under App.R. 26(B) and *Murnahan.* Admittedly, counsel cannot be expected to argue their own ineffectiveness. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529–530, 639 N.E.2d 784, 785. However, Davis has gone through several different sets of appellate lawyers since his initial appeal in 1986. Moreover, Lori Leon has represented him since at least March 1997, and Davis has not explained his failure to file between March 1997 and August 1998. Even if we were to find good cause for earlier failures to file, any such good cause "has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period." *State v. Fox* (1998), 83 Ohio St.3d 514, 516, 700 N.E.2d 1253, 1254. See, also, *State v. Hill* (1997), 78 Ohio St.3d 174, 677 N.E.2d 337.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.