JOURNAL ENTRY AND OPINION
On July 12, 2000, Canton Logan filed an "Application for Reconsideration Pursuant to Appellate Rule 26 (B)." Applicant is seeking to reopen the judgment of this court in State v. Logan (Nov. 22, 1993), Cuyahoga App. No. 63943, unreported, which affirmed applicant's convictions of four counts of aggravated robbery with violence specifications and one count of felonious assault with a violence specification, kidnapping with a gun specification, rape with a gun specification, having a weapon while under disability, felonious sexual penetration with a gun specification, disrupting public service, and resisting arrest. The State of Ohio filed a Memorandum of Law in opposition to reopening and, for the reasons argued by the prosecutor and those that follow, we deny the application for reopening.
An application for reopening is submitted timely when it is filed within ninety days of journalization of the appellate judgment. App.R. 26 (B) (1). The appellate judgment in this case was journalized on November 22, 1993. Applicant filed his application to reopen the judgment on July 12, 2000, well beyond the allotted time period. As a consequence, applicant is required to demonstrate good cause for his failure to file timely. App.R. 26 (B) (1) and (2). Absent a showing of good cause for an untimely filing, the application for reopening may be denied. State v.Winstead (1996), 74 Ohio St.3d 277, 658 N.E.2d 722; City of Newburg Hts.v. Chauncey (Aug. 26, 1999), Cuyahoga App. No. 75465, unreported, reopening disallowed (Oct. 20, 2000), Motion No. 17839.
Applicant states in his affidavit that he hired an attorney on January 10, 1994, to pursue postconviction remedies, including the filing of an application for reopening. Applicant avers that on February 5, 1994, the attorney assured him that he had filed the application for reopening and was awaiting a decision which, the attorney said, could take over two years to receive. Applicant avers further that on May 30, 2000, he contacted the clerk of court to inquire about the status of the application for reopening and learned that no application had been filed in his case. Applicant contends that counsel's failure to file a timely application in 1994 constitutes good cause for his untimely filed application now.
The prosecutor contends that applicant has not demonstrated good cause because even accepting applicant's unsupported statements as true, applicant apparently made no effort to determine the status of his application from 1996 until the end of May, 2000. We agree. Applicant has not demonstrated the claimed circumstances of his delay, cf State v.Lopez (May 24, 1999), Cuyahoga App. No. 74096, unreported, reopening denied (May 11, 2000), Motion No. 12480; State v. Hammon (Feb. 3, 1999), Erie App. No. E-97-129, unreported, and applicant has not provided any explanation for his lack of diligence for, at a minimum, the previous four years, in attempting to determine the status of his application supposedly filed between January 10 and February 5, 1994. Such lack of effort will not support a finding of good cause. State v. Ward (Sept. 13, 1993), Cuyahoga App. No. 63355, unreported, reopening denied, (Feb. 20, 1998), Motion No. 88968. Even if good cause were established for hired counsel's failure to file timely in 1994, which current case law does not support, see State v. Webb (1999), 85 Ohio St.3d 365,708 N.E.2d 710; State v. Allen (Nov. 14, 1994), Cuyahoga App. No. 65806, unreported, reopening denied (July 8, 1996), Motion No. 67054, any such good cause has long since evaporated. Good cause is not an infinite commodity. State v. Davis (1999), 86 Ohio St.3d 212, 714 N.E.2d 384;State v. Fox (1998), 83 Ohio St.3d 514, 700 N.E.2d 1253.
Notwithstanding the fact that the application for reopening was filed untimely without good cause, applicant's contention that appellate counsel was ineffective for failing to challenge the effectiveness of trial counsel regarding jury instructions and a claim of allied offenses is without merit since appellate counsel also represented applicant at trial. An attorney is not expected to raise an issue on appeal as to her or his own effectiveness at trial. State v. Freeman (Dec. 14, 1995), Cuyahoga App. No. 68320, unreported, reopening denied (May 31, 1996), Motion No. 71139; State v. Searles (Nov. 5, 1990), Cuyahoga App. No. 57665, unreported, reopening denied (Nov. 21, 1997), Motion No. 86124;State v. Lambrecht (1989), 58 Ohio App.3d 86, 568 N.E.2d 743. The postconviction remedies in R.C. 2953.21 et seq. provide or provided the appropriate avenue for such a challenge to the effectiveness of trial counsel. State v. Viceroy (May 20, 1996), Cuyahoga App. No. 68890, unreported, reopening denied (Mar. 25, 1999), Motion No. 1910;Lambrecht, 58 Ohio App.3d 86.
Accordingly, the application for reopening is denied.
 __________________________________ PATRICIA ANN BLACKMON, JUDGE
ANN DYKE. A.J., and JAMES D. SWEENEY. J., CONCUR.