JOURNAL ENTRY and OPINION
{¶ 1} On July 19, 2001, the applicant, Darryl Caldwell, applied, pursuant to App.R. 26(B) on the grounds of ineffective assistance of appellate counsel, to reopen this court's judgment in State of Ohio v.Darryl Caldwell (Oct. 12, 1982), Cuyahoga App. No. 44360, in which this court affirmed Mr. Caldwell's conviction for murder. For the following reasons this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The July 2001 application was filed approximately nineteen years after this court's decision, nine years after the announcement of State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, and eight years after the promulgation of App.R. 26(B). Thus, it is untimely on its face.
 {¶ 3} Mr. Caldwell endeavors to show good cause for untimely filing by proffering various reasons. His original appellate counsels never advised him about the status of his appeal, and he fortuitously learned the outcome in December 1983 by reading old newspapers. For the last eighteen years he has tried without success to retain an attorney who would help him, and being a laymen unskilled in the law he could not perfect an application to reopen within the time frame required by the rules.
 {¶ 4} However, these reasons are insufficient to state good cause for an untimely filing of an application to reopen. This court has consistently rejected misplaced alliance on appellate counsel or the failure to retain counsel as showing sufficient cause. In State v. Lamar
(Oct. 15, 1985), Cuyahoga App. No. 49551, reopening disallowed (Nov. 15, 1995), Motion No. 63398, this court held that lack of communication with appellate counsel did not show good cause. Similarly, in State v. White
(Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 49174 and State v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. In State v.Rios (1991), 75 Ohio App.3d 288, 599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129, Mr. Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel; again, this court rejected that excuse. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 75838; Statev. McClain (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 76811; and State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351.
 {¶ 5} Lack of counsel also does not show good cause for untimely filing. State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547; State v. Patrick
(Aug. 17, 2000), Cuyahoga App. No. 77655, reopening disallowed (Aug. 27, 2001), Motion No. 29366 and State v. Bragg (July 15, 1991), Cuyahoga App. No. 58859, reopening disallowed (Nov. 26, 2001), Motion No. 27560.
 {¶ 6} Similarly, the courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v.Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, reopening disallowed (Mar. 26, 1998), Motion No. 92134; and State v. Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, reopening disallowed (Dec. 5, 1995), Motion No. 66164. Ignorance of the law is no excuse.
 {¶ 7} Furthermore, the court cannot ignore the inordinate amount of time that has elapsed since the entry of judgment and the promulgation of the remedies for ineffective assistance of appellate counsel. "Even if we were to find good cause of earlier failures to file, any such good cause `has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.'" State v.Davis (1999), 86 Ohio St.3d 212, 214, 714 N.E.2d 384, citing State v.Fox (1998), 83 Ohio St.3d 514, 516, 700 N.E.2d 1253. This defect alone is sufficient to dismiss the application.
 {¶ 8} Moreover, res judicata properly bars this application. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In Murnahan, the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
 {¶ 9} In the present case, Mr. Caldwell in October 2000, filed a motion for a delayed appeal to the Supreme Court of Ohio, which denied his motion. This court has consistently held that such appeals bar claims of ineffective assistance of appellate counsel based on the principles of res judicata. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752; Statev. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, reopening disallowed (Aug. 8, 2000), Motion No. 16647 and State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241. After reviewing the facts of this case, this court concludes that the application of the doctrine in this case would not be unjust.
 {¶ 10} A review of the application itself, much less the additional motions, supplements, and briefs Mr. Caldwell filed, establishes that he has exceeded the ten-page limitation established by App.R. 26(B)(4). This defect provides another independent reason for dismissing the application. State v. Graham (June 1, 1975), Cuyahoga App. No. 33350, reopening disallowed (July 21, 1994), Motion No. 52742;State v. Schmidt (Dec. 5, 1991), Cuyahoga App. No. 57738, reopening disallowed (Aug. 10, 1994), Motion No. 42174 and State v. Peeples (Dec. 22, 1988), Cuyahoga App. No. 54708, reopening disallowed (Aug. 24, 1994), Motion No. 54080, affirmed (1994), 71 Ohio St.2d 349,643 N.E.2d 1112.
Accordingly, this application to reopen is denied.
TIMOTHY E. McMONAGLE, A.J., and TERRENCE O'DONNELL, J., CONCUR.