JOURNAL ENTRY AND OPINION
{¶ 1} On March 28, 2003 the applicant, David Spencer, Jr.("Spencer"), pursuant to App.R. 26(B), applied to reopen this court's judgment in State of Ohio v. David Spencer, Jr. (June 17, 1996), Cuyahoga App. No. 69490, which affirmed his convictions and sentences for two counts of child rape, four counts of felonious sexual penetration, and two counts of gross sexual imposition. Spencer claims that his appellate counsel should have argued that his trial counsel was ineffective, inter alia, for not investigating thoroughly and for not calling supportive witnesses, including expert witnesses. On April 25, 2003, the State of Ohio filed its brief in opposition. For the following reasons, this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The March 28, 2003 application was filed approximately seven years after this court's decision. Thus, it is untimely on its face.
 {¶ 3} In an effort to show good cause, Spencer blames his various attorneys for not properly pursuing the matter. However, this court has repeatedly ruled that misplaced reliance on one's lawyers does not provide good cause for untimely filing an App.R. 26(B) application. InState v. Lamar (Oct. 15, 1985), Cuyahoga App. No. 49551, reopening disallowed (Nov. 15, 1995), Motion No. 63398, this court held that lack of communication with appellate counsel did not show good cause. Similarly in State v. White (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 49174, and State v.Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. In State v. Rios (1991), 75 Ohio App.3d 288,599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129, Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel; again, this court rejected that excuse. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 75838; State v. McClain (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 76811; and State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351.
 {¶ 4} Spencer asserts that he was prevented from filing a timely App.R. 26(B) application because the trial court delayed in ruling on his postconviction relief petition. However, this argument is baseless. The pendency of a postconviction relief petition is completely unrelated to the filing of an App.R. 26(B) application and does not toll the time for filing.
 {¶ 5} Furthermore, appellate review is strictly limited to the record which is completed at the end of the trial. The Warder, Bushnell Glessner Co. v. Jacobs (1898), 58 Ohio St. 77, 50 N.E. 97; Carranv. Soline Co. (1928), 7 Ohio Law Abs. 5 and Republic Steel Corp. v.Sontag (1935), 21 Ohio Law Abs. 358. Thus, arguing that the application to reopen could not be resolved until the record was supplemented through the postconviction relief petition is not persuasive.
 {¶ 6} Moreover, these excuses do not explain the lapse of approximately seven years. In State v. Davis (1999), 86 Ohio St.3d 212,214, 714 N.E.2d 384, the Supreme Court of Ohio addressed a similar long lapse of time in filing the App.R. 26(B) application and ruled: "Even if we were to find good cause of earlier failures to file, any such good cause `has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.' State v. Fox
(1998), 83 Ohio St.3d 514, 516, 700 N.E.2d 1253, 1254." This deficiency alone provides sufficient grounds for denying the application.
 {¶ 7} Nevertheless, Spencer does not establish a genuine issue that his appellate counsel was ineffective. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990),497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 8} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 {¶ 9} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The Court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 10} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 11} In the present case Spencer does not establish prejudice. He raises as his subject assignment of error that his trial counsel was ineffective. Trial counsel should have investigated more, e.g., interviewing the doctors who examined some of the children and found no physical evidence of sexual abuse.[1] He should have called them as witnesses.[2] Trial counsel should have investigated and found fault with the social worker's interview techniques and use of anatomically correct dolls. He should have consulted with an independent expert and/or used an independent expert as a witness to counter the state's evidence. He should have obtained the report to which the doctor referred in her testimony.
 {¶ 12} However, Spencer does not show what the results of this additional investigation would have been. He does not show that the other doctors or the independent expert would have cast a serious doubt on the physical evidence of sexual abuse, e.g., there was an independent, innocent explanation for the physical evidence of sexual abuse. He does not show that the interview techniques were flawed or that the report had information from which trial counsel could have successfully cross-examined the doctor. This court is left to speculate whether such evidence existed and what it may or may not have shown. Such speculation does not establish prejudice.
 {¶ 13} Spencer primarily relies upon three federal cases: Pavelv. Hollins (C.A. 2, 2001), 261 F.3d 210; Lindstadt v. Keane (C.A. 2, 2001), 239 F.3d 191; and Hart v. Gomez (C.A. 9, 1999), 174 F.3d 1067. In these case the federal circuit courts granted writs of habeas corpus to vacate the convictions for child sexual abuse on the grounds that trial counsel was ineffective for not investigating enough, for not calling supporting witnesses, and for not using an independent expert witness. However, in these cases the petitioners placed before the courts what the evidence and the testimony of the witnesses would have been. Additionally, each of the three cases had the background of an acrimonious divorce which is not present in the case sub judice. Thus, these cases are distinguishable and not persuasive.
 {¶ 14} Moreover, this court rejects the notion that a conviction for child sexual abuse must be vacated on the grounds of ineffective assistance of trial counsel, if there is a bare claim of other witnesses or if no defense expert testimony is used. The applicant must show such evidence existed, what it would have been, and how it would undermine the confidence in the verdict. Accusations and speculations are not sufficient.
 {¶ 15} Accordingly, this court denies the application to reopen.
ANNE L. KILBANE, P.J., AND JAMES J. SWEENEY, J. CONCUR.
[1] The grand jury indicted Spencer for sexually abusing eight neighborhood children. The evidence at trial indicated that although doctors examined the children, only two showed physical signs of sexual abuse.
[2] During the trial the mothers of those children testified that they had their children examined and that the doctors did not find physical evidence of sexual abuse.