JOURNAL ENTRY AND OPINION
{¶ 1} On April 1, 2005, Lawrence Collier, pursuant to App.R. 26(B), applied to reopen this court's judgment in State v.Collier (June 11, 1987), Cuyahoga App. No. 51993, which affirmed his convictions for aggravated murder, aggravated robbery, and rape. On August 26, 2005, the State filed its brief in opposition. For the following reason, this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the appellate decision unless the applicant shows good cause for filing at a later time. The April 2005 application was filed approximately eighteen years after this court's decision. Thus, it is untimely on its face. In an effort to establish good cause, Collier argues that the trial court was without jurisdiction to impose the sentence,[1]
and that good cause must follow as a corollary.
 {¶ 3} However, this argument is not persuasive. Even lack of subject matter jurisdiction does not eliminate the need to present the issue in a timely proceeding, and the instant proceeding is extremely untimely. Collier does not offer any other explanation or excuse as to why it took so many years to submit this application to reopen. The Supreme Court of Ohio inState v. Davis (1999), 86 Ohio St.3d 212, 214, 714 N.E.2d 384, stated: "Even if we were to find good cause for earlier failure to file, any such good cause `has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.' State v. Fox (1998),83 Ohio St.3d 514, 516, 700 N.E.2d 1253, 1254." See, also, State v. Lamar,102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and State v.Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, in which the Supreme Court held that the ninety-day deadline is to be strictly enforced.
 {¶ 4} Accordingly, this application is properly denied as untimely.
COLLEEN CONWAY COONEY, J., and MARY EILEEN KILBANE, J.,CONCURS
[1] Collier argues that his indictment for aggravated murder carried a felony-murder specification, thus making this a capital offense. After a jury trial had commenced, Collier pleaded guilty, and the trial judge, without a three-judge panel, accepted the plea and imposed a twenty-three-years-to-life sentence. Collier maintains, however, under R.C. 2945.06 andState v. Green (1998), 81 Ohio St.3d 100, a three-judge panel must conduct a hearing and impose sentence, and the failure to do so renders the conviction and sentence void.