{¶ 1} On December 13, 2003, the applicant, Carl Gaston, pursuant to App.R. 26(B), applied to reopen this court's judgment in State v. CarlGaston, Cuyahoga App. No. 79626, 2002-Ohio-506, in which this court affirmed his 25-year sentence for aggravated robbery, kidnapping, theft, and failure to comply with the order of a police officer. Gaston argues that his appellate counsel was ineffective for not arguing that (1) his guilty plea was involuntary because the trial judge improperly injected herself into the plea bargaining by making threats and promises, (2) trial counsel was ineffective, and (3) the trial court erred in not conducting a voir dire to determine whether the kidnapping and aggravated robbery charges were allied offenses. For the following reasons, this court denies the application.
 {¶ 2} In the appeal, Gaston's counsel essentially attacked the sentencing, claiming: (1) the trial court erred in not reviewing the statutory criteria for failure to comply before imposing sentence; (2) the trial court erred in not merging the failure to comply charge with the kidnapping charge; (3) the trial court erred in finding the robbery to be the worst form of the offense; and (4) the trial court did not follow the statute for imposing maximum and consecutive sentences. In a decision journalized February 19, 2002, this court overruled those assignments of error and affirmed the decision of the trial court. On November 6, 2003, Gaston sought a delayed appeal to the Supreme Court of Ohio, which dismissed the appeal on December 26, 2003.
 {¶ 3} On September 13, 2002, Gaston moved to withdraw his guilty plea, which the trial court denied. Gaston, pro se, appealed to this court.State v. Carl Gaston, Cuyahoga App. No. 82628, 2003-Ohio-5825. In that decision, journalized November 10, 2003, this court ruled that the first assignment of error — the trial judge erred in imposing consecutive sentences without holding a hearing to determine whether any of the offenses were allied offenses — should be dismissed for lack of jurisdiction under the law of the case doctrine. Any relief would have to be sought in an App.R. 26(B) application to reopen. The second assignment of error also raised the issue of allied offenses but characterized it as affecting the voluntariness of the plea. Again, this court ruled that the law of the case doctrine barred the claim and any relief would have to be sought through an application to reopen. Gaston's third assignment of error concerned post-release control. This court ruled that the trial judge properly informed him about that subject.
 {¶ 4} Gaston's final assignment of error was that his plea was involuntary because it was induced by promises and threats. This court reviewed the transcript and the supporting affidavits for the motion to withdraw the guilty plea and concluded that the trial judge had improperly made threats and promises on the record which would render the plea involuntary. However, the affidavits attached to the motion to withdraw the guilty plea lacked credibility, and the trial judge properly denied the motion to withdraw based on the affidavits. Although the transcript showed the impropriety of the plea process, to the extent that the motion to withdraw the plea was based on the transcript, the motion was barred by res judicata because it could have and should have been raised in the first appeal. Therefore, any relief would have to be sought through an application to reopen that appeal.
 {¶ 5} Gaston sought the aid of the public defender's office, which in late September 2006, declined to represent him.[1] He also filed a grievance against his trial counsel. In July 2006, the Disciplinary Counsel concluded that the trial counsel did not commit an ethical violation. Only after exhausting these avenues did Gaston file his application to reopen.
 {¶ 6} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. Gaston filed this application approximately five years after this court's decision in Case No. 79626 and more than three years after this court suggested an application to reopen as a possible remedy in Case No. 82628. Thus, the application is untimely on its face. In an effort to show good cause, Gaston pleads ignorance of the law for choosing the remedy of a motion to withdraw his guilty plea rather than an application to reopen. He then offers that he was trying to obtain a favorable affidavit from his trial counsel and that he filed the grievance to induce his assistance. Gaston also submits that he was waiting for the public defender to finish the review of his case.
 {¶ 7} These excuses do not establish good cause for untimely filing an application to reopen. In State v. White (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 49174 andState v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. In State v. Rios (1991), 75 Ohio App.3d 288, 599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129, Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel. Again, this court rejected that excuse. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 75838; State v.McClain (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 76811; and State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351.
 {¶ 8} Similarly, difficulties in obtaining evidence, such as the transcript or an affidavit of an attorney, do not qualify as good cause.State v. Houston, 73 Ohio St.3d 346, 1995-Ohio-317, 652 N.E.2d 1018;State v. Lawson, Cuyahoga App. No. 84402, 2005-Ohio-880, reopening disallowed 2006-Ohio-3939, Motion No. 374913; and State v. Sanchez, (June 9, 1994), Cuyahoga App. No. 62796, reopening disallowed (Aug. 16, 2001), Motion No. 23717.
 {¶ 9} The courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v.Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, reopening disallowed (Mar. 26, 1998), Motion No. 92134; and State v. Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, reopening disallowed (Dec. 5, 1995), Motion No. 66164. Ignorance of the law is no excuse.
 {¶ 10} Furthermore, these reasons do not excuse the lapse of over three years from the time this court suggested the application to reopen. In State v. Davis, 86 Ohio St.3d 212, 214, 1999-Ohio-160,714 N.E.2d 384, the Supreme Court of Ohio addressed a similar long lapse of time in filing the App.R. 26(B) application and ruled: "Even if we were to find good cause of earlier failures to file, any such good cause `has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.' State v. Fox,83 Ohio St.3d 514, 516, 1998-Ohio-517, 700 N.E.2d 1253, 1254."
 {¶ 11} In addition, the Supreme Court of Ohio, in State v. Lamar,102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and State v. Gumm,103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate counsel continued to represent them, and their appellate counsel could not be expected to raise their own incompetence. Although the Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the Court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The Court then reaffirmed the principle that lack of effort, imagination, and ignorance of the law do not establish good cause for failing to comply with this fundamental aspect of the rule. Thus, Gaston's excuses do not state good cause, even in the face of acknowledged error.
 {¶ 12} Accordingly, this application is properly dismissed as untimely.
COLLEEN CONWAY COONEY, J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] As part of his application Gaston attached a series of letters from the public defender from March 8, 2004, to September 26, 2006, apparently to document how that office "strung him along."