[Cite as *State v. Brown*, 2012-Ohio-5703.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 77572

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JERRY BROWN

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-373957
Application for Reopening
Motion No. 460073

**RELEASE DATE:**   November 30, 2012

**ATTORNEY FOR APPELLANT**

G. Michael Goins
10803 Lake Avenue
Suite 201
Cleveland, Ohio   44102

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Kristen L. Sobieski
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} On November 9, 2012, the applicant, Jerry Brown, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Brown*, 8th Dist. No. 77572, 2001 Ohio App. LEXIS 2082, in which this court affirmed Brown's convictions and sentences for ten counts of rape, but vacated the finding that he was a violent sexual predator.[1]  Brown asserts that his appellate counsel should have argued (1) that the trial court erred in not allowing defense counsel the opportunity to examine the victim's mental state and (2) that his trial counsel was ineffective for failing to raise the issue of the

---

[1] This court ruled that the violent sexual predator specification was inapplicable to Brown because the rapes occurred before the effective date of R.C. 2941.148 that established the

victim's mental state. On November 14, 2012, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The November 2012 application was filed approximately 11 years and six months after this court announced its decision. Thus, it is untimely on its face. Brown implicitly argues lack of funds as good cause for untimely filing. The memorandum in support of the application states that Brown's family had just recently become able to retain legal counsel for this remedy. However, the courts of Ohio have ruled that lack of funds and lack of counsel do not provide good cause. *State v. Brooks*, 8th Dist. No. 94978, 2011-Ohio-1679, *reopening disallowed,* 2012-Ohio-915. The Supreme Court of Ohio, in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court reaffirmed the principle that lack of effort,

---

specification.

imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B).

{¶3} Moreover, the lapse of 11 years is too long.   In *State v. Davis*, 86 Ohio St.3d 212, 214, 1999-Ohio-160, 714 N.E.2d 384, the Supreme Court of Ohio addressed a similar long lapse of time in filing the App.R. 26(B) application and ruled:   "Even if we were to find good cause of earlier failures to file, any such good cause 'has long since evaporated.   Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.' *State v. Fox*, 83 Ohio St.3d 514, 516, 1998-Ohio-517, 700 N.E.2d 1253, 1254."

{¶4} App.R. 26(B)(2)(d) requires an applicant to include a "sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal."   Brown submitted no sworn statement.   In *State v. Lechner*, 72 Ohio St.3d 374, 1995-Ohio-25, 650 N.E.2d 449, the Supreme Court of Ohio affirmed the denial of Lechner's application that was solely on the basis of failing to comply with App.R. 26(B)(2)(d).   The Supreme Court of Ohio ruled that the inclusion of the sworn statement is mandatory.   *State v. Tierney*, 8th Dist. No. 78847, 2002-Ohio-2607, *reopening disallowed*, 2002-Ohio-6618.

{¶5} Accordingly, this court denies the application.

FRANK D. CELEBREZZE, PRESIDING JUDGE

KATHLEEN A. KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR