[Cite as *State v. Rodriguez*, 2013-Ohio-95.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 78696**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTONIO RODRIGUEZ

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-379959
Application for Reopening
Motion No. 461298

**RELEASE DATE:**      January 16, 2013

**APPELLANT**

Antonio Rodriguez, Pro Se
No. 30226-160
Federal Correctional Institution-Gilmer
P.O. Box 6000
Glenville, West Virginia 26351

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Diane Smilanick
Assistant County Prosecutor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} On December 31, 2012, the applicant, Antonio Rodriquez, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Rodriquez*, 8th Dist. No. 78696 (Dec. 4, 2000), in which this court dismissed Rodriquez's appeal for failure to file the record. Rodriquez now argues that this appeal should be reinstated because his counsel abandoned him and prevented Rodriquez from having his day in court. On January 8, 2013, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶2} In *State v. Rodriquez*, Cuyahoga C.P. No. CR-379959, Rodriquez was charged with one count each of felonious assault and aggravated robbery, both with one- and three-year firearm specifications, as well as one count of having a weapon under disability. Pursuant to a plea bargain, Rodriquez pleaded guilty to felonious assault; the state nolled the other charges, including all of the firearm specifications, and dismissed a separate theft case; and the judge sentenced Rodriquez to an agreed two-year sentence. Between the time of the guilty plea hearing and the sentencing, Rodriquez moved to withdraw the plea. After a hearing, the trial judge, on October 10, 2000, denied that motion. Rodriquez's attorney timely appealed that denial on October 13, 2000, and asked for a transcript. However, when no transcript was filed, this court dismissed the appeal.

{¶3} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective

assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The December 31, 2012 application was filed approximately 12 years after this court dismissed the case. Thus, it is untimely on its face. To show good cause, Rodriquez argues that his appellate counsel abandoned him, costing him his day in court and that he has very limited use of English. However, these excuses do not explain the lapse of 12 years. In *State v. Davis*, 86 Ohio St.3d 212, 214, 1999-Ohio-160, 714 N.E.2d 384, the Supreme Court of Ohio addressed a similar long lapse of time in filing an App.R. 26(B) application and ruled:

> Even if we were to find good cause of earlier failures to file, any such good cause "has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period." *State v. Fox*, 83 Ohio St.3d 514, 516, 1998-Ohio-517, 700 N.E.2d 1253, 1254.

{¶4} Moreover, an App.R. 26(B) application to reopen can only be employed to reopen an appeal from the judgment of conviction and sentence. It does not apply to collateral remedies such as a motion to withdraw a guilty plea or a postconviction relief petition. *State v. Loomer,* 76 Ohio St.3d 398, 1996-Ohio-59, 667 N.E.2d 1209; and *State v. Alford*, 8th Dist. No. 95946, 2011-Ohio-6259. Because App.R. 26(B) applies only to the direct appeal of a criminal conviction and sentence, it cannot be employed to reopen the appeal of Rodriquez's denial of a motion to withdraw his guilty plea.

{¶5} Accordingly, this court denies the application to reopen.

KATHLEEN ANN KEOUGH, JUDGE


FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR