[Cite as *State v. Opalach*, 2014-Ohio-4922.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

_____

JOURNAL ENTRY AND OPINION
**No. 85540**

_____

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROBERT OPALACH**

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-03-444151-ZA
Application for Reopening
Motion No. 477665

**RELEASE DATE:**   November 5, 2014

**ATTORNEY FOR APPELLANT**

David L. Doughten
David L. Doughten Co., L.P.A.
4403 St. Clair Avenue
Cleveland, OH   44103


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} On August 15, 2014, the applicant, Robert Opalach, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Opalach*, 8th Dist. Cuyahoga No. 85540, 2005-Ohio-5563, in which this court affirmed his conviction for murder. Opalach argues that his appellate counsel was ineffective for not arguing (1) that the principle of specific versus general mandated that Opalach's murder conviction be vacated and replaced with a conviction for involuntary manslaughter; (2) that trial counsel should have requested a jury instruction for involuntary manslaughter; (3) that the trial court erred in allowing improper other acts evidence; and (4) that prosecutorial misconduct deprived him of a fair trial. For the following reasons, this court denies the application to reopen.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The August 2014 application was filed approximately nine years after this court's decision. Thus, it is untimely on its face. In an effort to establish good cause, Opalach states that he was not aware of App.R. 26(B), that his assigned counsel did not inform him of that rule, and that had he known about it, he would have timely applied to reopen this appeal. The courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. *State v. Klein,* 8th Dist. Cuyahoga No. 58389, 1991 Ohio App. LEXIS 1346 (Mar. 28, 1991), *reopening disallowed* (Mar. 15, 1994), motion No. 249260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994). Furthermore, in *State v. Lamar* 8th Dist. Cuyahoga Nos. 49550 and 49551, 1985 Ohio App. LEXIS 7284 (Oct. 3, 1985), *reopening disallowed* (Nov. 15, 1995), motion No. 263398, this court held that lack of communication with appellate counsel did not show good cause.

Similarly in *State v. White*, 8th Dist. Cuyahoga No. 57944, 1991 Ohio App. LEXIS 357 (Jan. 31, 1991), *reopening disallowed* (Oct. 19, 1994), Motion No. 249174, and *State v. Allen*, 8th Dist. Cuyahoga No. 65806, 1994 Ohio App. LEXIS 4956 (Nov. 3, 1994), *reopening disallowed* (July 8, 1996), motion No. 267054, this court rejected reliance on counsel as showing good cause.

{**¶3**} Moreover, these excuses do not explain the lapse of more than eight years. In *State v. Davis*, 86 Ohio St.3d 212, 214, 1999-Ohio-160, 714 N.E.2d 384, the Supreme Court of Ohio addressed a similar long lapse of time in filing the App.R. 26(B) application and ruled:

> Even if we were to find good cause of earlier failures to file, any such good cause "has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period." *State v. Fox*, 83 Ohio St.3d 514, 516, 1998-Ohio-517, 700 N.E.2d 1253, 1254.

In this, the court notes that Opalach's current counsel represented him in a federal habeas corpus action in 2008. *Opalach v. Hudson*, N.D.Ohio No. 1:07CV1893, 2008 U.S. Dist. LEXIS 73159 (Sept. 24, 2008).

Accordingly, this court denies the application to reopen.


SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR