[Cite as *State v. Taylor*, 2015-Ohio-14.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 94569

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### EDWARD TAYLOR

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-07-502904
Application for Reopening
Motion No. 480696

**RELEASE DATE:** January 7, 2015

**FOR APPELLANT**

Edward Taylor, pro se
Inmate #570-134
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Jesse W. Canonico
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MELODY J. STEWART, J.:

{¶1} On December 3, 2014, the applicant, Edward Taylor, applied, pursuant to App.R. 26(B), to reopen this court's judgment in *State v. Taylor*, 8th Dist. Cuyahoga No. 94569, 2010-Ohio-5607, in which we affirmed Taylor's convictions.[1] Taylor had pleaded guilty to aggravated murder and attempted murder. In exchange for the plea, the state, inter alia, dismissed the capital murder specifications, and the court imposed an agreed life sentence with parole eligibility after 30 years. Taylor now asserts that his appellate counsel was ineffective because he did not argue that the trial court, during the guilty plea hearing, failed to advise Taylor of his right to compulsory process. For the following reasons, this court denies the application.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The December 2014 application was filed more than four years after this court's decision of November 18, 2010. Thus, the application is untimely on its face.

{¶3} Taylor endeavors to show good cause by stating that his appellate attorney never told him that he could move to reopen his appellate case pursuant to App.R. 26(B). However, courts have consistently ruled that lack of knowledge or ignorance of the law do not provide sufficient cause for untimely filing. *State v. Klein*, 8th Dist. Cuyahoga No. 58389, 1991 Ohio App. LEXIS 1346 (Mar. 28, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 249260, *aff'd*, 69 Ohio St.3d 1481 (1994). Ignorance of the law is no excuse.

{¶4} Furthermore, reliance on one's attorney also does not provide good cause for a late filing. In *State v. Pruitt*, 8th Dist Cuyahoga, Nos. 86707 and 86986, 2006-Ohio-4106,

---

[1] Although this court affirmed the convictions, it did remand the case to remove an erroneous imposition of postrelease control.

*reopening disallowed*, 2012-Ohio-94, and *State v. Alt,* 8th Dist. Cuyahoga No. 96289, 2011-Ohio-5393, *reopening disallowed*, 2012-Ohio-2054, this court ruled that appellate counsel's failure to inform the applicant about App.R. 26(B) did not state good cause for filing an untimely application.

{¶5} Moreover, this excuse does not explain the lapse of approximately four years. In *State v. Davis*, 86 Ohio St.3d 212, 214, 714 N.E.2d 384 (1999), the Supreme Court of Ohio addressed a similar, long lapse of time in filing the App.R. 26(B) application and ruled: "Even if we were to find good cause of earlier failures to file, any such good cause 'has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.' *State v. Fox*, 83 Ohio St.3d 514, 516, 1998-Ohio-517, 700 N.E.2d 1253, 1254."

{¶6} Accordingly, this court denies the application.

MELODY J. STEWART, JUDGE

MARY J. BOYLE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR