[Cite as *State v. McCornell*, 2015-Ohio-3764.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 93274**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VOLTAIRE McCORNELL

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-09-520113
Application for Reopening
Motion No. 485641

**RELEASE DATE:**  September 15, 2015

**FOR APPELLANT**

Voltaire McCornell, pro se
Inmate No. 564-010
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Diane Smilanick
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, P.J.:

{¶1} On May 15, 2015, the applicant, Voltaire McCornell, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1991), applied to reopen this court's judgment in *State v. McCornell*, 8th Dist. Cuyahoga No. 93274, 2010-Ohio-3086, in which this court affirmed in part, reversed in part and remanded for further proceedings. McCornell had pleaded guilty to felonious assault, domestic violence, intimidation, and two counts of endangering children; the trial judge had sentenced him to a total of 13 years. On appeal this court ruled that the trial court did make the necessary findings for imposing consecutive sentences, but erred in not imposing a specified period of postrelease control; this court remanded for a proper sentencing.[1] McCornell now claims that his appellate counsel should have argued that felonious assault and domestic violence were allied offenses. The state of Ohio never filed a brief in opposition to the application to reopen. For the following reasons, this court denies the application.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the

---

[1]After the trial court's resentencing, McCornell appealed again, and his appellate counsel argued that the trial court committed plain error by sentencing and resentencing McCornell for allied offenses. This court rejected that argument because he had not raised that issue during the first appeal and res judicata barred such an argument. *State v. McCornell,* 8th Dist. Cuyahoga No. 97406, 2012-Ohio-2503.

decision unless the applicant shows good cause for filing at a later time. The May 2015 application was filed approximately five years after this court's decision. Thus, it is untimely on its face. In an effort to establish good cause, McCornell says that he raised the allied offense issue with the trial court but it did not respond until he had filed a writ of procedendo to compel a ruling. A review of the docket in *State v. McCornell,* Cuyahoga C.P. No. CR-09-520113-A, shows that he has repeatedly raised the allied offense issue with the trial court since July 2012. Thus, any delay with his most recent trial court filings does not explain a three- to five-year delay in filing an App.R. 26(B) application and does not show good cause for untimely filing. In *State v. Davis*, 86 Ohio St.3d 212, 214, 1999-Ohio-160, 714 N.E.2d 384, the Supreme Court of Ohio addressed a similar long lapse of time in filing the App.R. 26(B) application and ruled: "Even if we were to find good cause of earlier failures to file, any such good cause 'has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.' *State v. Fox*, 83 Ohio St.3d 514, 516, 1998-Ohio-517, 700 N.E.2d 1253, 1254."

{¶3} Accordingly, this court denies the application to reopen.

---

SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR