[Cite as *State v. Riddle*, 2022-Ohio-3030.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 90999 |
| v. | : | |
| JAMES RIDDLE, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** August 31, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-07-499635-A
Application for Reopening
Motion No. 557311

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, *for appellee.*

Christopher McNeal, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} On August 12, 2022, the applicant, James Riddle, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Riddle,* 8th Dist. Cuyahoga No. 90999, 2009-Ohio-348, in which this court affirmed his convictions for

attempted rape and kidnapping and his classification as a Tier III sex offender. Riddle asserts that his appellate counsel should have argued that the convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. For the following reasons, this court denies the application, sua sponte.

{¶ 2} In June 2007, Riddle entered a laundromat early in the morning and asked the victim, who worked there, if he could use the restroom, which she unlocked for him. A few moments later, he came out and told her there was something wrong with the facilities. When she entered the restroom, Riddle attacked her. He pushed her down to the floor, tried to pull her pants down, and undid his belt buckle. He then tried to kiss her and said, "You are going to like it." She fought back, bit his lip, and asked him, "What are you doing with an old lady? I'm 61 ******* years old." He then ran out of the laundromat.

{¶ 3} The jury found him guilty of attempted rape and kidnapping. The trial judge found him guilty of the sexually violent predator specifications, classified him as a Tier III sex offender, and sentenced him to 18 years to life in prison.

{¶ 4} Ripple's appellate counsel argued that the Adam Walsh Act, under which he was classified as a sexual predator, was unconstitutional and that the indictment for kidnapping was defective. Now Ripple argues the convictions were not supported by sufficient evidence and were against the manifest weight of the evidence because there was no sexual contact, Ripple abandoned what he was doing, and he left the victim where she was.

{¶ 5} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The August 2022 application was filed over 13 years after this court's January 29, 2009 decision. Thus, it is untimely on its face. In an effort to establish good cause, Riddle argues that his cognitive deficit and substance abuse precluded him from filing a timely application, as well as the failure of his appellate counsel to inform him of the outcome of the appeal.

{¶ 6} These arguments are unpersuasive. Generally, reliance on counsel does not establish good cause for filing an untimely application to reopen. *State v. Van Horn,* 8th Dist. Cuyahoga No. 98751, 2021-Ohio-4129. Specifically, the failure of appellate counsel to inform an applicant in a timely manner of the outcome of his appeal does not constitute good cause. *State v. Mitchell,* 8th Dist. Cuyahoga No. 88977, 2009-Ohio-1874, and *State v. Alt,* 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054.

{¶ 7} Riddle proffered an unsupported affidavit claiming learning disabilities, low IQ, and substance abuse to establish good cause. However, in *State v. Gilbert,* 8th Dist. Cuyahoga No. 90856, 2010-Ohio-4103, ¶ 3, this court held "that a self-serving affidavit pleading medical incapacity does not show good cause for untimely filing." It would be all too easy for a petitioner to claim a medical excuse to show good cause. Therefore, "a claim of medical incapacity without some supporting records to substantiate the medical condition, e.g., prison medical

records, is not sufficient to show good cause." *State v. Morris,* 10th Dist. Franklin No. 05AP-1032, 2010-Ohio-786.

{¶ 8} Moreover, these excuses do not explain the lapse of over 13 years. In *State v. Davis*, 86 Ohio St.3d 212, 214, 714 N.E.2d 384 (1999), the Supreme Court of Ohio addressed a similar long lapse of time in filing the App.R. 26(B) application and ruled: "Even if we were to find good cause of earlier failures to file, any such good cause 'has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.' *State v. Fox*, 83 Ohio St.3d 514, 516, 1998-Ohio-517, 700 N.E.2d 1253, 1254."

{¶ 9} Accordingly, this court denies the application.

_____
MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR