THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

[Cite as *State v. Williams,* 129 Ohio St.3d 19, 2011-Ohio-232.]

*Criminal law — Untimely application to reopen direct appeal — No good cause found — Judgment affirmed.*

(No. 2010-0849 — Submitted January 19, 2011 — Decided January 26, 2011.)

APPEAL from the Court of Appeals for Trumbull County, No. 89-T-4210.

_____

**Per Curiam.**

{¶ 1} Appellant, Andre Williams, challenges the denial of his application to reopen his direct appeal pursuant to App.R. 26(B).

{¶ 2} In August 1988, George and Katherine Melnick were attacked in their home in Warren, Ohio. Appellant was convicted of, and sentenced to death for, the aggravated murder of George Melnick. The court of appeals affirmed his convictions and death sentence but reversed that portion of the conviction that was based on the underlying felony of attempted rape. *State v. Williams* (Mar. 24, 1995), Trumbull App. No. 89-T-4210, 1995 WL 237092, *50. We reversed the judgment of the court of appeals in part but affirmed the appellant's convictions and sentence. *State v. Williams* (1996), 74 Ohio St.3d 569, 660 N.E.2d 724, certiorari denied, *Williams v. Ohio* (1996), 519 U.S. 835, 117 S.Ct. 109, 136 L.Ed.2d 62. On his appeal to the court of appeals and subsequently to this court, appellant was represented by Thomas E. Zena and Gary L. Van Brocklin.

{¶ 3} In September 1996, appellant filed his first petition for postconviction relief. The trial court denied his petition, and the court of appeals affirmed. *State v. Williams* (Oct. 16, 1998), Trumbull App. No. 97-T-0153. We declined to accept jurisdiction of his appeal. *State v. Williams* (1999), 85 Ohio

St.3d 1406, 706 N.E.2d 788. Appellant was represented by John B. Juhasz during those appeals.

{¶ 4} In June 2003, appellant filed a successive petition for postconviction relief and asserted that his death sentence was void or voidable because he is mentally retarded pursuant to *Atkins v. Virginia* (2002), 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335, and *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011. On September 11, 2007, the trial court granted the state's motion for summary judgment, and the court of appeals affirmed. *State v. Williams*, 2008-Ohio-3257, ¶ 17, 44. On December 31, 2008, this court declined to accept jurisdiction of his appeal. *State v. Williams*, Trumbull App. No. 2007-T-0105, 120 Ohio St.3d 1453, 2008-Ohio-6813, 898 N.E.2d 968. Appellant was also represented by Juhasz during that appeal.

{¶ 5} Following our decision, appellant – now represented by the office of the Federal Public Defender – filed an application with the court of appeals to reopen his initial appeal pursuant to App.R. 26(B). App.R. 26(B)(5) requires that the applicant show a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Appellant claimed that he had been denied effective assistance by reason of his appellate counsel's failure to raise certain issues. The court of appeals denied appellant's application for reopening as untimely. *State v. Williams* (Mar. 29, 2010), Trumbull App. No. 89-T-4210. He now appeals from that denial.

{¶ 6} We affirm the judgment of the court of appeals. Appellant did not comply with App.R. 26(B)(1), which requires that an application for reopening be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Appellant waited more than ten years to file his application.

{¶ 7} Appellant argues that he had good cause for missing the 90-day deadline set by the rule, because he is mentally retarded and was unable to

prepare and present the application for reopening pro se. However, we reject this argument in light of the judicial determination that the appellant is not mentally retarded. *Williams*, 2008-Ohio-3257, ¶ 38, 44.

{¶ 8} Appellant also argues that he had good cause because he had no counsel to call on to file his application for reopening. He asserts that his existing counsel's discovery of errors was the first opportunity he had to raise the appellate issues that his counsel failed to raise on direct appeal. However, appellant's postconviction counsel could have also raised those errors. Moreover, there is no right to counsel on an application to reopen. *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 21-22. Thus, lack of counsel cannot be accepted as good cause for the late filing of Williams's application. See *State v. Hancock*, 108 Ohio St.3d 194, 2006-Ohio-658, 842 N.E.2d 497, ¶ 9; *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, ¶ 8.

{¶ 9} Appellant raises three other propositions of law in his brief, but because his application was untimely, those issues cannot be considered.

Judgment affirmed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., dissents and would reverse the judgment of the court of appeals.

_____

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos, Assistant Prosecuting Attorney, for appellee.

Alan C. Rossman and Jillian S. Davis, Office of the Federal Public Defender, for appellant.

_____