[Cite as *State v. Lenhart*, 2019-Ohio-1113.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 74332**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CHRISTOPHER LENHART**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-356977
Application for Reopening
Motion No. 525109

**RELEASE DATE:**   March 27, 2019

**FOR APPELLANT**

Christopher Lenhart, pro se
Inmate No. 0193824
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio 44101


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Anthony Thomas Miranda
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


RAYMOND C. HEADEN, J.:

{¶1} Applicant, Christopher Lenhart, seeks to reopen his appeal in *State v. Lenhart*, 8th Dist. Cuyahoga No. 74332, 1999 Ohio App. LEXIS 3379 (July 22, 1999). For the reasons that follow, we deny the application.

## Procedural and Factual History

{¶2} Lenhart was convicted of one count of rape and one count of felonious assault in 1998. After sentencing, the trial court held a sexual offender classification hearing and classified Lenhart as a sexually oriented offender, the lowest level of sexual offender available at the time. *See State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, _ 24.

**{¶3}** Lenhart filed a timely direct appeal from his convictions. The appellate decision issued in this case was journalized on July 22, 1999. There, this court affirmed the convictions and sentences, overruling appellant's five assignments of error.

**{¶4}** On January 17, 2019, almost 20 years later, Lenhart filed the instant application for reopening. In his application, he asserts that he was denied due process and equal protection of the law related to his classification as a sexually oriented offender. In his application, he does not advance any argument as to good cause for his untimely filing, how appellate counsel was ineffective, or include an affidavit supporting his contentions as required by App.R. 26(B)(2)(d). The state timely opposed the application.

## Law and Analysis

### I. Good Cause for an Untimely Application

**{¶5}** App.R. 26(B) provides a limited means to reopen a criminal appeal based on a claim that appellate counsel was ineffective. The window to file such an application is not unlimited. App.R. 26(B)(1) provides that the application must be filed within 90 days of the date of journalization of the appellate decision unless the applicant is able to establish good cause for filing at a later date.

**{¶6}** App.R. 26(B)(2)(b) further states that an application filed after this 90-day window must contain a showing of good cause for the untimely filing before the application may be considered. This requirement has been upheld by the Ohio Supreme Court as a reasonable procedural requirement. *State v. Wickline*, 74 Ohio St.3d 369, 658 N.E.2d 1052 (1996); *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970.

**{¶7}** Lenhart's application is devoid of any explanation for his almost 20-year delay in filing the instant application or argument why this delay should be excused. As such, it is untimely without a showing of good cause for the delayed filing. This is sufficient reason to deny the application without addressing the merits of the claim. *State v. Keith*, 119 Ohio St.3d 161, 2008-Ohio-3866, 892 N.E.2d 912, _ 8; *State v. Williams*, 129 Ohio St.3d 19, 2011-Ohio-232, 950 N.E.2d 140, _ 9.

**{¶8}** Application denied.

_____

RAYMOND C. HEADEN, JUDGE

EILEEN T. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR