[Cite as *State v. Martin*, 2021-Ohio-4290.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

WILLIAM E. MARTIN, II,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 18 CO 0033

---

Motion to Reopen

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Robert Herron*, Prosecutor, *Atty. Ryan Weikart,* Assistant Prosecutor, Columbiana County Prosecutor's Office, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Rhys Cartwright-Jones*, 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:
December 6, 2021

**PER CURIAM.**

**{¶1}** Defendant-appellant, William Martin II, has filed an application for reopening of his direct appeal from his convictions for having weapons while under disability, possession of cocaine, possession of heroin, possession of marijuana, trafficking in heroin, two major drug offender specifications, and one forfeiture specification. *State v. Martin*, 7th Dist. Columbiana No. 18 CO 0033, 2020-Ohio-3579, appeal not allowed, 160 Ohio St.3d 1439, 2020-Ohio-4983, 155 N.E.3d 943. For the following reasons, the application is denied.

**{¶2}** An application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B).

**{¶3}** Our judgment in this case was filed on June 26, 2020. Appellant filed his application on September 27, 2021, one year past the deadline. Thus, the application is untimely.

**{¶4}** If the application is filed more than 90 days after journalization of the appellate judgment, then it must contain "[a] showing of good cause for untimely filing in the application." App.R. 26(B)(2)(b). In his application, appellant asserts he has good cause for his delay. He claims that when this court issued its decision, the Belmont Correctional Institution, where he is serving his sentence, was not offering law library services to the inmates due to the COVID-19 pandemic. He claims he did not have access to the prison law library until early 2021, and even then his access was limited.

**{¶5}** The Eighth District Court of Appeals has repeatedly rejected the argument that restricted access to the law library is good cause for late filing of an application to reopen:

> [T]he courts have rejected the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns, and other library limitations have been rejected as constituting good cause. *State v. Tucker*, 73 Ohio St.3d 152, 1995-Ohio-2; *State v. Kaszas* (Sept. 21, 1998),

Cuyahoga App. Nos. 72547 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 316752; *State v. Hickman* (Apr. 30, 1998), Cuyahoga App. No. 72341, reopening disallowed (Dec. 13, 2000), Motion No. 320830 and *State v. Turner* (Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 323221. Moreover, the Supreme Court of Ohio in *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. The Court reaffirmed the principle that lack of effort, imagination, and ignorance of the law do not establish good cause for not complying with this fundamental aspect of the rule. Untimeliness alone is sufficient to dismiss the application.

*State v. Wynn*, 8th Dist. Cuyahoga No. 93057, 2010-Ohio-5469, ¶ 3.

**{¶6}** Moreover, on March 27, 2020, in response to the COVID-19 state of emergency, the Ohio Supreme Court issued an order entitled "Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology." *In re Rules of Practice of Supreme Court of Ohio*, 158 Ohio St.3d 1469, 2020-Ohio-1461, 142 N.E.3d 706. This order "immediately tolled all time requirements imposed by rules promulgated by the Court set to expire between March 9, 2020, and the expiration of Executive Order 2020-01D or July 30, 2020, whichever is sooner[.]" *Id.* We filed our judgment in appellant's direct appeal on June 26, 2020. Appellant filed his application on September 27, 2021, well past the expiration of the tolling order.

**{¶7}** Thus, appellant has not asserted "good cause" as is required by the Appellate Rule for his untimely filing.

**{¶8}** For the above reasons, appellant's application to reopen his appeal is hereby denied.

Case No. 18 CO 0033

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**