[Cite as *State v. Adams*, 2024-Ohio-1630.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DAVID ADAMS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 13 MA 0130**

---

Application to Reopen

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Erin M. Branham* and *Atty. Megan M. Patituce*, Patituce & Associates, LLC, for Defendant-Appellant.

Dated: April 26, 2024

**PER CURIAM.**

{¶1} Appellant David Adams has filed an application to reopen his appeal pursuant to App.R. 26(B). He raises three assignments of error that he asserts his appellate counsel should have raised on his behalf. For the following reasons, we deny Appellant's application as untimely filed without good cause.

## Factual and Procedural History

{¶2} Appellant was indicted in November 2009 on eight counts of rape, first-degree felonies in violation of R.C. 2907.02(A)(2)(B). Appellant initially entered an *Alford* plea to the charges, but then filed a motion to vacate his plea, which the trial court denied. On appeal, we reversed the trial court's judgment, vacated Appellant's plea, and remanded the case. *State v. Adams*, 7th Dist. Mahoning No. 12 MA 9, 2012-Ohio-5979.

{¶3} The matter proceeded to a jury trial and the jury convicted Appellant on all counts. The court sentenced Appellant to a total of 80 years in prison.

{¶4} On December 31, 2014, we affirmed Appellant's convictions and sentence in *State v. Adams*, 2014-Ohio-5854, 26 N.E.3d 1283 (7th Dist.). Appellant appealed to the Ohio Supreme Court, but that Court declined to accept his appeal for review. *State v. Adams*, 143 Ohio St.3d 1405, 2015-Ohio-2747, 34 N.E.3d 133 (Table).

{¶5} Appellant filed the instant App.R. 26(B) application to reopen on January 5, 2024.

## Untimely Filing

{¶6} App.R. 26(B)(1) provides that:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

Case No. 13 MA 0130

Appellant acknowledges that his application is untimely. The application was due 90 days from our December 31, 2014 judgment. The instant application was filed on January 5, 2024.

**{¶7}** However, Appellant asserts that good cause exists for filing his application over 9 years late. He submits that prior counsel failed to advise him of appealable issues, told him he was very busy, and counsel told Appellant that he thought he knew the victim and her family. However, none of these statements explain why he did not file the application for 9 years.

**{¶8}** Appellant further asserts that prior counsel did not notify him of the deadline to file the application to reopen. Courts have held that reliance on one's attorney to advise him of the 90-day deadline does not constitute good cause. *State v. Taylor*, 8th Dist. Cuyahoga No. 94569, 2015-Ohio-14, ¶ 4. We also held in *State v. Cutlip*, 7th Dist. Belmont No. 21 BE 0032, 2023-Ohio-914, ¶ 7, that:

> [c]lerical errors and ignorance of the law do not generally establish good cause for the failure to satisfy the 90-day rule, and '[u]ntimeliness alone is sufficient to dismiss the application.' *State v. Martin*, 7th Dist. Columbiana No. 18 CO 0033, 2021-Ohio-4290, ¶ 5, citing *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Reliance on a lack of legal training or knowledge does not excuse one's failure to comply with the deadline. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7-10.

**{¶9}** Moreover, the Ohio Supreme Court has held that good cause that initially exists for an untimely App.R. 26(B) application may evaporate over a lengthy delay. *State v. Fox*, 83 Ohio St.3d 514, 516, 1998-Ohio-517 ("Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.")

**{¶10}** Accordingly, good cause is lacking from Appellant's nearly 9-year delay in filing his application.

{¶11} For these reasons, we find that Appellant's App.R. 26(B) application for reopening is denied as untimely and Appellant has failed to establish good cause for his 9-year delay in filing.


**JUDGE MARK A. HANNI**


**JUDGE CHERYL L. WAITE**


**JUDGE KATELYN DICKEY**


<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**