[Cite as *State v. Yost*, 2026-Ohio-1030.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

STETSON J. YOST,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 CO 0016

---

Delayed Application for Reopen

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Vito J. Abruzzino,* Prosecuting Attorney, *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office*,* for Plaintiff-Appellee and

Stetson J. Yost, *pro se*.

Dated: March 25, 2026

**PER CURIAM.**

{¶1} Defendant-Appellant Stetson J. Yost has filed an untimely application for reopening under App.R. 26(B). For the following reasons, Appellant's application for reopening is denied.

{¶2} After a jury found Appellant guilty of rape of a child under the age of thirteen and gross sexual imposition against a child under thirteen, the trial court sentenced him to life in prison consecutive to sixty months in prison. (4/15/24 J.E.). Appellant's trial attorney filed a notice of appeal, and a new attorney was appointed to represent him on appeal where four assignments of error were presented, some containing multiple issues.

{¶3} Our February 5, 2025 opinion affirming his convictions, reviewed the facts in detail and addressed the following topics (numbered to correspond to the assignment of error): (1) hearsay as to what the victim told a friend, the excited utterance exception, the harmless nature of the issue alleged as the victim herself testified, the non-hearsay nature of prior consistent statements of the victim to rebut the defense charge of recent fabrication or improper influence or motive; (2) testimony of two witnesses alleged to constitute vouching, lack of objections, plain error, and trial tactics; (3) ineffective assistance of trial counsel on vouching, communication, investigation, opening the door on meeting with police, lack of objections, improper questions by the state; and (4) the sufficiency of the evidence plus the weight of the evidence. *State v. Yost*, 2025-Ohio-380, ¶ 1-90.

{¶4} Appellant appealed our decision to the Ohio Supreme Court with the assistance of counsel. On June 10, 2025, the Supreme Court declined jurisdiction to hear Appellant's appeal from our decision. *State v. Yost*, 2025-Ohio-2048.

{¶5} It was not until February 6, 2026 that Appellant filed the within application for reopening, a year after the journalization of our appellate judgment. He claims appellate counsel was ineffective by failing to raise three assignments of error: (1) plain error in the trial court's lack of sua sponte intervention during the prosecution's opening and closing argument (wherein Appellant argues the state cannot say the defendant was untruthful or had motive to lie); (2) plain error in the trial court's allowance of certain discovery material to be labeled "Counsel Only" (wherein Appellant rejects the validity of Crim.R. 16 and cites a federal discovery rule and law on the general obligation to disclose

evidence favorable to the defense, while claiming his direct viewing of certain evidence may have prompted him to think of more questions to be asked at his polygraph); and (3) error in permitting hearsay from the victim's mother and two of the victim's friends, one of whom was the subject of an assignment of error in his direct appeal (wherein Appellant rejects the application of the excited utterance exception and the doctrine defining when prior consistent statements are non-hearsay).

**{¶6}** Appellant claims these assignments of error are "clearly stronger" than the ones counsel presented. He claims this shows deficient performance and prejudice to his appeal (and to future federal habeas corpus proceedings).

**{¶7}** A criminal defendant may apply for reopening of his direct appeal based on a claim of ineffective assistance of appellate counsel. App.R. 26(B)(1). The application must raise an assignment of error or an argument in support of an assignment of error that previously was not considered on the merits (or were considered on an incomplete record) because of appellate counsel's deficient representation. App.R. 26(B)(2)(c). A sworn statement must provide the basis for the deficiency and the manner in which the deficiency prejudicially affected the outcome. App.R. 26(B)(2)(d). To warrant reopening, there must be a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶8}** Accordingly, there must be a genuine issue as to both deficiency and prejudice. *State v. Tenace*, 2006-Ohio-2987, ¶ 5 (6th Dist.). In evaluating the alleged deficiency, our review is highly deferential to counsel's decisions as there is a strong presumption they were within the wide range of reasonable professional assistance in choosing arguments counsel perceives as the strongest. *Id.* at ¶ 7, 9*; see also Jones v. Barnes*, 463 U.S. 745, 751-752 (1983) (emphasizing the importance of experienced appellate counsel "winnowing out weaker arguments on appeal"). Prejudice evaluates whether a lawyer's errors were so serious that there is a reasonable probability the result of the proceedings would have been different. *Id.* at ¶ 5.

**{¶9}** Regardless, App.R. 26(B) has a deadline. "Untimeliness alone is sufficient to dismiss the application." *State v. Martin*, 2021-Ohio-4290, ¶ 5 (7th Dist.), quoting *State v. Wynn*, 2010-Ohio-5469, ¶ 3 (8th Dist.). An application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant

Case No. 24 CO 0016

shows good cause for filing at a later time." App.R. 26(B)(1), (B)(2)(b) ("application for reopening shall contain . . . [a] showing of good cause for untimely filing"). As observed by the Ohio Supreme Court, the deadline for filing a reopening application must be consistently enforced so as to preserve the finality of judgments while ensuring ineffective assistance of counsel claims are promptly addressed. *State v. Farrow*, 2007-Ohio-4792, ¶ 7; *State v. Gumm*, 2004-Ohio-4755 ¶ 7.

{¶10} Appellant filed this untimely application for reopening *a year* after our opinion was journalized. He acknowledges he was aware of our decision within days of its issuance. In claiming good cause for untimely filing, Appellant complains his appellate attorney's February 11, 2025 letter informed him the appeal to our court was not successful and told him: "your only avenue of appeal would be petition to the Ohio Supreme Court to hear your case." Counsel then informed him of the deadline for an appeal, and later, counsel filed in the Ohio Supreme Court a timely appeal and memorandum in support of jurisdiction on behalf of Appellant.

{¶11} Contrary to Appellant's contention, this was not a misadvisement, as reopening is not an "appeal" (and thus not an "avenue of appeal"). *Morgan v. Eads*, 2004-Ohio-6110, ¶ 24-26 (where the Ohio Supreme Court emphasized, "the App.R. 26(B) process is not part of the original appeal but instead is a separate and collateral postconviction process"). Moreover, "reliance on one's attorney to advise him of the 90-day deadline does not constitute good cause." *State v. Adams*, 2024-Ohio-1630, ¶ 8 (7th Dist.). There is no expectation that counsel must advise a defendant of the existence of a reopening application in order to criticize the performance of that same counsel, and a defendant's complaint about counsel's failure to advise him of App.R. 26(B) reopening is not good cause for an untimely application. *Gumm* at ¶ 7-10 (in addressing the fact that the same appellate counsel represented the defendant after the court of appeals issued its decision, the Supreme Court pointed out he could have sought different counsel or filed the application on his own but "[w]hat he could not do was ignore the rule's filing deadline"); *State v. LaMar*, 2004-Ohio-3976, ¶ 8-9 (where the Supreme Court emphasized appellate attorneys neglecting to inform the defendant of the rule and the defendant's lack of legal knowledge and financial means did not establish good cause for missing the filing deadline).

Case No. 24 CO 0016

{¶12} Appellant also complains a June 11, 2025 letter from his attorney told him the Ohio Supreme Court declined to hear his appeal, explained counsel's representation was concluded, and advised him to contact the state public defender's office for assistance with any federal appeal, post-conviction relief, or habeas petition. We point out Appellant's 90-day deadline for timely reopening in our court was already expired by this time. And again, the failure to inform a defendant of a vehicle to criticize counsel's own representation does not equate to good cause for a defendant's untimely filing of a reopening application. *Gumm* at ¶ 7-10; *LaMar* at ¶ 8-9; *Adams* at ¶ 8; *State v. Clark*, 2015-Ohio-2584, ¶ 36 (7th Dist.) ("Appellate attorneys are not expected to spontaneously advise their clients how to argue that they rendered ineffective assistance of counsel.").

{¶13} Appellant then complains about a state public defender's July 14, 2025 letter acknowledging Appellant's mother was inquiring about assistance with federal habeas or establishing innocence. This letter explained they rarely assisted with habeas and did not do motions for a new trial based on innocence, while providing some contact information for innocence projects. On the subject of Appellant's innocence assertions, the attorney opined there was "not much more you can do." The letter then advised him to focus on prison programs for his future parole case. Again, the deadline for reopening had already passed. Moreover, the writer of the letter was not his attorney and was approached by Appellant's mother who apparently inquired about the topics of federal habeas and innocence.

{¶14} Appellant next says he subsequently contacted various legal assistance organizations. He attaches prison mail receipts from October to December 2025. Finally, Appellant states he learned about the existence of a reopening application from a fellow inmate (without saying when). In further alleging good cause for his lengthy delay, Appellant states he is indigent, had no prior criminal record, and was unfamiliar with Ohio law, claiming he was not made aware of an application for reopening until after the deadline passed.

{¶15} The end of counsel's representation, the lack of counsel, and the lack of funds to hire counsel do not provide good cause for an untimely application. *State v. Williams*, 2011-Ohio-232, ¶ 8 (where the Supreme Court also pointed out there is no right to counsel on an application to reopen); *see also State v. Keith*, 2008-Ohio-3866, ¶ 6

(where the Supreme Court found no good cause for late reopening where the defendant argued his appellate counsel was still representing him when the deadline expired and could not be expected to argue own ineffectiveness).

**{¶16}** Likewise, ignorance of the law does not establish good cause for the failure to satisfy the 90-day deadline in App.R. 26(B). *State v. Byrd*, 2024-Ohio-5856, ¶ 5 (7th Dist.) (where the appellant argued he was unfamiliar with the appellate rules and had been misled regarding the deadline for filing an application), citing *Gumm* at ¶ 10; *State v. Kerr*, 2018-Ohio-5122, ¶ 9 (7th Dist.) ("Being occupied with other court proceedings or ignorance of the law does not establish good cause for delaying the filing of an application for reopening."). It is well-established that a lack of legal training, skill, knowledge or understanding does not excuse an appellant's untimely application for reopening. *Byrd* at ¶ 5, citing *Gumm* at ¶ 10 (in addition to ignorance of the law and the continuing representation of counsel who failed to advise on reopening, the Supreme Court pointed out the lack of effort or imagination is not good cause); *State v. Thomas*, 2021-Ohio-1280, ¶ 9 (7th Dist.); *Clark*, 2015-Ohio-2584, at ¶ 40 (7th Dist.).

**{¶17}** Lastly, we point out even "good cause that initially exists for an untimely App.R. 26(B) application may evaporate over a lengthy delay." *Adams*, 2024-Ohio-1630, at ¶ 9 (7th Dist.), citing *State v. Fox*, 83 Ohio St.3d 514, 516 (1998) (where the Supreme Court pointed out: "Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.").

**{¶18}** In sum, Appellant failed to establish good cause for filing his application for reopening a year after our decision affirming his conviction. Accordingly, Appellant's application to reopen is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**

<u>NOTICE TO COUNSEL</u>

This document constitutes a final judgment entry.

<u>Case No. 24 CO 0016</u>

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.