**90–2524.** State v. Davis. *Butler County*, No. CA89–09–123. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective April 8, 1993.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

**92–2196.** State ex rel. Birdsall v. Stephenson. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's motion to suspend execution of sentencing during pendency of action,

IT IS ORDERED by the court that said motion to suspend execution of sentencing during pendency of action be, and the same is hereby, granted, effective April 5, 1993.

**93–628.** State ex rel. Bednar v. N. Canton. *Stark County*, No. CA–9047. This cause is pending before the court as an appeal and cross-appeal from the Court of Appeals for Stark County. Upon consideration of appellants/cross-appellees' motion for stay of execution of a judgment rendered by the Court of Appeals, Fifth Appellate District, Stark County, Ohio, on January 29, 1993, until further order of this court,

IT IS ORDERED by the court that said motion for stay be, and the same is hereby, granted, effective April 8, 1993.

MOYER, C.J., A.W. SWEENEY and WRIGHT, JJ., dissent.

**93–634.** State ex rel. Hillyer v. Tuscarawas Cty. Bd. of Commrs. *Tuscarawas County*, No. 92AP090064. This cause is pending before the court as an appeal from the Court of Appeals for Tuscarawas County. Upon consideration of respondents' motion for stay of judgment,

IT IS ORDERED by the court that said motion for stay of judgment be, and the same is hereby, granted, effective April 5, 1993.

## MISCELLANEOUS DISMISSALS

**92–2082.** Maxwell v. Tallmadge City School Dist. Bd. of Edn. *Summit County*, No. 15393. Cause dismissed, on appellant's application for dismissal, effective April 5, 1993.