[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 212.]

THE STATE OF OHIO, APPELLEE, *v*. DAVIS, APPELLANT.

[Cite as *State v. Davis*, 1999-Ohio-160.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B).*

(No. 99-252—Submitted June 22, 1999—Decided August 25, 1999.)

APPEAL from the Court of Appeals for Butler County, Nos. CA84-06-071 and CA89-09-123.

———————————

{¶ 1} In 1984, appellant, Von Clark Davis, was convicted of the aggravated murder of Suzette Butler and sentenced to death. The court of appeals affirmed the conviction and sentence. *State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, unreported, 1986 WL 5989. In *State v. Davis* (1988), 38 Ohio St.3d 361, 528 N.E.2d 925, we affirmed his conviction, but reversed the death sentence based on errors occurring after the receipt of mitigating evidence. Timothy R. Evans represented Davis in that appeal.

{¶ 2} On remand, the three-judge panel again sentenced Davis to death, and the court of appeals affirmed. *State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123, unreported, 1990 WL 165137. We affirmed the death sentence. *State v. Davis* (1992), 63 Ohio St.3d 44, 584 N.E.2d 1192. The Ohio Public Defender represented Davis in that appeal through Assistant Public Defenders Joann Bour-Stokes and Linda E. Prucha. The United States Supreme Court denied certiorari. *Davis v. Ohio* (1992), 506 U.S. 858, 113 S.Ct. 172, 121 L.Ed.2d 119.

{¶ 3} We granted a stay of execution to enable Davis to pursue a petition

for post-conviction relief. *State v. Davis* (1993), 66 Ohio St.3d 1453, 610 N.E.2d 418. Subsequently, the trial court dismissed Davis's petition for post-conviction relief, the court of appeals affirmed that dismissal, *State v. Davis* (Sept. 30, 1996), Butler App. No. CA95-07-124, unreported, 1996 WL 551432, and we declined to accept Davis's appeal. *State v. Davis* (1997), 77 Ohio St.3d 1520, 674 N.E.2d 372. Assistant Public Defenders Linda Prucha and Tracey A. Leonard represented Davis in that appeal.

{¶ 4} On August 21, 1998, Davis filed applications for reopening with the court of appeals in cases CA84-06-071 and CA89-09-123 pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel before that court. John Marshall and Assistant Public Defender Lori Leon represented Davis in filing these applications, and Leon has represented Davis since at least March 1997.

{¶ 5} The court of appeals found that Davis's applications were untimely under App.R. 26(B), and that Davis "has failed to show good cause as to why his applications were not filed in a timely manner."

{¶ 6} Accordingly, the court of appeals denied Davis's applications to reopen his appeals. Davis now appeals that decision to this court.

———————————

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Daniel G. Eichel*, First Assistant Prosecuting Attorney, for appellee.

*John S. Marshall; David H. Bodiker*, Ohio Public Defender, and *Lori Leon*, Assistant Public Defender, for appellant.

———————————

*Per Curiam*.

{¶ 7} We affirm the judgment of the court of appeals. "Under App.R. 26(B)(2)(b), an application for reopening requires 'a showing of good cause for untimely filing if the application is filed more than ninety days after journalization

of the appellate judgment.' " *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053.

{¶ 8} However, as the court of appeals noted, "[n]either the [S]upreme [C]ourt's decision in *State v. Murnahan*, * * * nor App.R. 26(B) [was] available to allow" the filing of such applications for reopening at the time of the court of appeals decisions on May 27, 1986 and October 29, 1990.

{¶ 9} Nonetheless, as we have held earlier, "an applicant who seeks to reopen an appellate judgment journalized before July 1, 1993 may not simply rely on the fact that App.R. 26(B) did not exist within the ninety days following journalization of the appellate judgment, but must show good cause why he or she did not attempt to invoke the procedures available under former App.R. 26 and 14(B)." *State v. Reddick* (1995), 72 Ohio St.3d 88, 90, 647 N.E.2d 784, 786.

{¶ 10} In this case, Davis filed his applications to reopen his appeal in August 1998, five years after App.R. 26(B) became effective on July 1, 1993, six years after we decided *Murnahan*, almost eight years after the second court of appeals decision affirming his death sentence, and twelve years after the court of appeals first affirmed his death sentence. Thus, no question exists that the applications were untimely.

{¶ 11} We agree with the court of appeals that Davis has failed to establish good cause for failing to file timely applications under App.R. 26(B) and *Murnahan*. Admittedly, counsel cannot be expected to argue their own ineffectiveness. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529-530, 639 N.E.2d 784, 785. However, Davis has gone through several different sets of appellate lawyers since his initial appeal in 1986. Moreover, Lori Leon has represented him since at least March 1997, and Davis has not explained his failure to file between March 1997 and August 1998. Even if we were to find good cause for earlier failures to file, any such good cause "has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period." *State*

*v. Fox* (1998), 83 Ohio St.3d 514, 516, 700 N.E.2d 1253, 1254.  See, also, *State v. Hill* (1997), 78 Ohio St.3d 174, 677 N.E.2d 337.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————