[Cite as *State v. Conlon*, 2014-Ohio-107.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 80411**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# PETER CONLON

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-409242
Application for Reopening
Motion No. 469042

**RELEASE DATE:** January 15, 2014

-i-

**FOR APPELLANT**

Peter Conlon, pro se
Inmate No. 409-830
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio   44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   David Zimmerman
          James M. Price
Assistant County Prosecutors
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Peter Conlon has filed an application for reopening pursuant to App.R. 26(B). Conlon is attempting to reopen the appellate judgment, rendered in *State v. Conlon*, 8th Dist. Cuyahoga No. 80411, 2002-Ohio-3435, which affirmed his plea of guilty and sentence with regard to the offenses of murder and aggravated arson. We decline to reopen Conlon's appeal.

{¶2} App.R. 26(B)(2)(b) requires that Conlon establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has recently established that:

> We now reject [the applicant's] claims that those excuses gave good cause
>
> to miss the 90-day deadline in App.R. 26(B).* * * Consistent enforcement
>
> of the rule's deadline by the appellate courts in Ohio protects on the one
>
> hand the state's legitimate interest in the finality of its judgments and
>
> ensures on the other hand that any claims of ineffective assistance of
>
> appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for
> triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.*
> (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what
> Ohio has done by creating a 90-day deadline for the filing of applications to
> reopen. * * * The 90-day requirement in the rule is applicable to all
> appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d
> 722, and [the applicant] offers no sound reason why he — unlike so many

other Ohio criminal defendants — could not comply with that fundamental aspect of the rule. (Emphasis added.)

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7.

*See also State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d

970*; State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252;

*State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

**{¶3}** Herein, Conlon is attempting to reopen the appellate judgment that was journalized on July 3, 2002.   The application for reopening was not filed until October 15, 2013, more than 90 days after journalization of the appellate judgment in *State v. Conlon*, *supra*.   In an attempt to establish good cause, for the untimely filing of his application for reopening, Conlon argues that:

> At the criminal trial and on appeal, Conlon's counsel was the same law firm and attorney.   Because appellate counsel was the same on appeal as at trial, appellate counsel was not required to argue trial counsel's lack of effectiveness * * * Conlon has no knowledge or understanding of the American Judicial system.

**{¶4}** Conlon has failed to establish a showing of good cause for the untimely filing of his application for reopening.   Counsel cannot be expected to argue their own ineffectiveness on appeal.   *State v. Lamar*, *supra*; *State v. Davis*, 86 Ohio St.3d 212, 1999-Ohio-160, 714 N.E.2d 384.   In addition, lack of legal training and ignorance of the law do not establish good cause for failure to seek timely relief pursuant to App.R. 26(B). *State v. Reddick*, *supra*.   *See also State v. Klein*, 8th Dist. Cuyahoga No. 58389, Ohio

App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 70493; *State v. Travis*, 8th Dist. Cuyahoga No. 56825, 1990 Ohio App. LEXIS 1356 (Apr. 5, 1990), *reopening disallowed* (Nov. 2, 1994), Motion No. 51073, *aff'd*, 72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226; *State v. Gaston*, 8th Dist. Cuyahoga No. 79626, 2007-Ohio-155; *State v. Torres*, 8th Dist. Cuyahoga No. 86530, 2007-Ohio-9.

{¶5} Accordingly, the application for reopening is denied.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR