[Cite as *State v. Moore*, 2014-Ohio-3223.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 57223

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JERRY MOORE

DEFENDANT-APPELLANT

## JUDGMENT:
### APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-227207
Application for Reopening
Motion No. 475010

**RELEASE DATE:** July 18, 2014

**FOR APPELLANT**

Jerry Moore, pro se
Inmate No. 207-625, RI.C.I.
P.O. Box 8107
Mansfield, Ohio 44901

**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Jerry Moore has filed an application for reopening pursuant to App.R. 26(B). Moore is attempting to reopen the appellate judgment rendered in *State v. Moore*, 8th Dist. Cuyahoga No. 57223, 1990 Ohio App. LEXIS 3305 (Aug. 9, 1990), which affirmed his conviction for murder. For the reasons that follow, the application is denied.

{¶2} The appellate judgment was journalized in 1990. The application for reopening was not filed until May 19, 2014. This falls well outside the time limits of App.R. 26(B)(1), which requires applications to be filed within 90 days after journalization of the appellate judgment. The only exception that would permit us to review an untimely application is if applicant establishes good cause for filing at a later time. *Id.*

{¶3} The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that

> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead*, 74 Ohio St.3d 277, 278, 1996-Ohio-52, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

*State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, ¶ 7-9. "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7.

{¶4} Applicant argues that good cause exists for this delayed filing because he was represented by the same attorney at trial and on appeal who could not be expected to argue counsel's own ineffectiveness. The Ohio Supreme Court has addressed this argument and established that "good cause can excuse the lack of a filing only while it exists, not for an indefinite period." *State v. Fox*, 83 Ohio St.3d 514, 516, 1998-Ohio-517, 700 N.E.2d 1253. Moore could have retained new attorneys after his appeal was decided in 1990, or he could have filed an application for reopening on his own. Instead he has waited over 20 years to apply for the reopening of his appeal. There has been ample opportunity for this applicant to file an application for reopening before now, and he has failed to establish good cause for the delayed filing. *Gumm* at ¶ 3; *see also State v. Conlon*, 8th Dist. Cuyahoga No. 80411, 2014-Ohio-107.

**{¶5}** Accordingly, the application for reopening is denied.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
MELODY J. STEWART, J., CONCUR